IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DELFORD M. SMITH,                                              CV. 05-372-AS

                   Plaintiff,                          OPINION AND ORDER

       v.

CARSON COLE, DEBTTRADERS, INC.,
DEBTTRADERS GROUP, INC., AND
DEBTTRADERS, LTD.,

                  Defendants.
_____

ASHMANSKAS, Magistrate Judge:

On March 15, 2005, plaintiff Delford M. Smith ("Plaintiff") filed this action against

defendants Carson Cole ("Cole"), DebtTraders, Inc., DebtTraders Group, Inc., and DebtTraders,

Ltd., (collectively referred to as "DebtTraders").  Plaintiff alleged that Cole fraudulently induced

him to invest millions of dollars in DebtTraders by misrepresenting the nature of the business and

that Cole squandered substantial corporate assets.

On March 28, 2005, Cole, as chief financial officer of DebtTraders, retained the law firm of

Gusrae, Kaplan, Bruno & Nusbaum PLLC ("Gusrae")to represent himself and DebtTraders in this action and paid attorney fees from corporate funds.[1]  Gusrae filed an answer on behalf of both Cole and DebtTraders on April 21, 2005, and continued to represent both Cole and DebtTraders in this litigation until December 6, 2005, when DebtTraders substituted Stoll Stoll Berne Lokting & Schlachter P.C. as counsel.[2]  Gusrae filed an amended answer, which included cross-claims for contribution and indemnification against DebtTraders on December 15, 2005.  DebtTraders filed its amended answer the next day and asserted cross-claims against Cole for breach of fiduciary duties, waste and conversion of DebtTraders' assets.

Presently before the court is DebtTraders' motion to disqualify Gusrae as counsel for Cole pursuant to Oregon's Rules of Professional Conduct (the "Rules").  The Rules provide that "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless each affected client gives informed consent, confirmed in writing." Or. R. Prof. Conduct 1.9(a).  "Matter" is defined to include judicial proceedings. Id. at 1.0(j).

The district court has the duty and responsibility to control and supervise the conduct of the attorneys practicing before it. Erickson v. Newmar Corp., 87 F.3d 298, 300, 303 (9th Cir. 1996); see also SST Castings, Inc. v. Amana Appliances, Inc., 250 F. Supp. 2d 863, 865 (S. D. Ohio 2002) (noting that the power to disqualify an attorney from a case is incidental to all courts and a district

---

[1]Gusrae had represented DebtTraders in the past on unrelated matters.

[2]DebtTraders represents that it termed Gusrae in July 2005, after Cole was removed as an officer and employee of DebtTraders.  However, Gusrae remained attorney of record in this case until December 6, 2005.

court is obliged to consider unethical conduct by an attorney in connection with any proceeding

before it). "The courts, as well as the bar, have a responsibility to maintain public confidence in the

legal profession." Erickson, 87 F.3d at 303. "[A] court may disqualify an attorney for not only

acting improperly but also for failing to avoid the appearance of impropriety." Id.

While the court has the duty to protect the integrity of the attorney-client relationship, the

court "must be solicitous of a client's right freely to choose his counsel" and be wary of

disqualification motions "interposed for tactical reasons[.]" Evans v. Artek Sys. Corp., 715 F.2d

788, 791-92 (2d Cir. 1983) (citations internal quotations omitted). Thus, courts have required the

movant to justify disqualification by satisfying "a high standard of proof." Id.; Sauer v. Xerox

Corp., 85 F. Supp.2d 198, 199 (W.D.N.Y. 2000).

As explained by the Northern District of California:

> On the one hand, because a motion to disqualify is often tactically motivated, and
> can be disruptive to the litigation process, it is a drastic measure that is generally
> disfavored. . . . At the same time, the paramount concern must be the preservation
> of public trust both in the scrupulous administration of justice and in the integrity of
> the bar.

Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co., 264 F. Supp. 2d 914, 918 (N.D. Cal.

2003) (citation and internal quotation omitted).

Even with a "high standard of proof," "any doubts must be resolved in favor of

disqualification." Sauer, 85 F. Supp. 2d at 199; see also LaSalle Nat'l Bank v. County of Lake, 703

F.2d 252, 257 (7th Cir. 1983) ("any doubts as to the existence of an asserted conflict of interest must

be resolved in favor of disqualification"); United States v. Clarkson, 567 F.2d 270, 273 n.3 (4th Cir.

1977) ("In determining whether to disqualify counsel for conflict of interest, the trial court is not to

weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory

power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification"); Chugach Elec.Ass'n v. United States Dist. Court, 370 F.2d 441, 444 (9th Cir. 1966) (where conflict of interest is asserted, right of attorney to practice profession must give way in cases of doubt).

Initially, Gusrae represented both DebtTraders and Cole in this litigation.  Gusrae was terminated by DebtTraders and is now representing only Cole. The continued representation of Cole in this litigation clearly violates the Rules and, in the absence of informed consent, which the court finds lacking in this instance, requires disqualification of Gusrae as Cole's counsel.

Conclusion

DebtTraders' motion(#34) to disqualify counsel for defendant Cole is GRANTED.

DATED this 2nd day of March, 2006.


            /s/  Donald C. Ashmanskas
            DONALD C. ASHMANSKAS
            United States Magistrate Judge